**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MONICA SCHULMANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26 CV 1078 RWS |
| | ) | |
| ROBERT J. CONRAD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is self-represented Plaintiff Monica Schulmann's Application to Proceed in District Court Without Prepaying Fees or Costs. [ECF No. 2]. For the reasons set forth below, the Plaintiff's Application will be denied, and her Complaint will be denied and dismissed as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B).

"The federal in forma pauperis statute, [28 U.S.C. § 1915], is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989). Section 1915(e) directs a court to screen a complaint when filed together with a request to proceed *in forma pauperis*. A court shall dismiss a case at any time if: 1) the allegation of poverty is untrue; 2) the action is frivolous or malicious; 3) the action fails to state a claim on which relief

may be granted; or 4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). Here, the Plaintiff's Complaint alleges:

> Certain Defendants have extra marital affairs, such affair though not publicized but have been overheard by many, A reprimand should be ordered immediately.

[ECF No. 1 at 1]. That is the entirety of the Complaint.

Even construing the Plaintiff's Complaint liberally, as the Court must, given her pro se status, the Plaintiff's allegations fail to state a claim. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (providing that a pro se complaint "must be held to less stringent standards than formal pleadings drafted by lawyers[]").

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010); see also Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980); Stone v. Harry, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

Here, the Plaintiff does not provide a reason for filing the matter in the United States District Court for the Eastern District of Missouri. Additionally, Plaintiff fails to provide any context for her allegations. Furthermore, this same

Complaint has been filed by Plaintiff against Defendants in numerous federal courts around the country, including in Mississippi, Arkansas, Indiana, Nebraska, South Carolina, and Michigan. See e.g. Schulmann v. Conrad, et al., 1:26 CV 2008 PLM (W.D. Mich. 2026).

An action is "malicious" in the context of Section 1915(e)(2)(B)(i) where it is "intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109 (7th Cir. 2003). Dismissal based on maliciousness is appropriate where the plaintiff knows the allegations to be false, or where the complaint is "plainly part of a longstanding pattern of abusive and repetitious lawsuits." Horsey v. Asher, 741 F.2d 209, 212-13 (8th Cir. 1984). See also Carter v. Schafer, 273 Fed. Appx. 581 (8th Cir. 2008) (affirming district court dismissal for maliciousness where non-prisoner plaintiff "filed at least thirty separate complaints" in a five-year period, with a number of those cases raising "issues that are the same as or are substantially similar to those in the instant case, against the same defendants"); and Cooper v. Wood, 111 F.3d 135 (8th Cir. 1997) (unpublished opinion) (explaining that the Eighth Circuit has "interpreted 'malicious' to apply to situations where the plaintiff knows the allegations to be false…where the complaint is plainly part of a longstanding pattern of abusive and repetitious lawsuits…and where the complaint contains disrespectful references or abusive language").

Certainly, where a plaintiff files the same complaint with the same meager allegations – just the barest possible sentences – in a plethora of courts within just days of each other, that plaintiff intends to harass either the defendant, the court, or both.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [2] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DENIED and DISMISSED** as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 17th day of August, 2026.